UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GENARO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00203-TWP-MPB |
| | ) | |
| RICHARD BROWN, | ) | |
| SAMUEL BYRD, | ) | |
| KIM HOBSON, | ) | |
| REGINA ROBINSON, | ) | |
| BOBBIE RIGGS, | ) | |
| CARL KUENZLI, | ) | |
| MANDIP KAUR BARTELS, | ) | |
| JOHN DOE, | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| PRISON MEDICAL PROVIDERS, | ) | |
| CORIZON MEDICAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT, DISMISSING CLAIMS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff Genaro Garcia is currently incarcerated at Wabash Valley Correctional Facility (WVCF). Dkt. 1. Because Mr. Garcia is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Garcia are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. Mr. Garcia's Complaint

Mr. Garcia filed approximately 282 pages of exhibits containing his grievances, health care requests, and relevant documents, with his complaint. The Court has disregarded these attachments in its screening because such attachments do not constitute a short and plain statement and can be "stricken without bothering to read." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).

Mr. Garcia brings this action under 42 U.S.C. § 1983, and it arises from events that occurred while he was incarcerated at WVCF. Mr. Garcia's complaint names the following defendants at WVCF: (1) Warden Richard Brown; (2) Dr. Samuel Byrd; (3) Kim Hobson, Health Service Administrator; (4) Regina Robinson, Director of Nursing; (5) Nurse Bobbie Riggs; (6) Carl Kuenzli, Regional Medical Director; (7) Mandip Kaur Bartels, Regional Medical Director; (8) Corizon Medical, Inc.; (9) Wexford Health Sources; and (10) John Doe, Vice President Corizon/Wexford Medical/Heath Inc. Mr. Garcia seeks money damages, declaratory judgment, and injunctive relief. *Id.* at 10.

Mr. Garcia asserts that he has been diagnosed with a degenerative disc disease of the lumbar spine and a withered left leg that causes gait impairment. *Id.* at 4. Mr. Garcia alleges that Dr. Byrd was aware of his deteriorating condition and continued only to prescribe seizure medication, not pain medication, to treat his withered leg. *Id.* at 5. Mr. Garcia alleges that both Corizon and Wexford, and the regional medical director, established a "pattern of reluctance" to prescribe medication for him and failed to send inmates "for specialized testing diagnosis or

treatment, as way to cut costs." *Id.* Mr. Garcia states his medical complaints have been ongoing for two years, he has been seen by doctors and nurses, and he has only been recommended MRIs and back exercises. *Id.* at 6-8. Mr. Garcia alleges that Corizon and Wexford were deliberately indifferent to his serious medical need during these two years and refused his need for diagnostic tests, and that the defendants' denial of his treatment has caused his condition to worsen with "lower back left hip, leg, ankle and left foot" and recent nerve pain. *Id.* at 7.

### III. Discussion of Claims Against Defendants

**1. Dismissed Claims**

There are no factual allegations of wrongdoing against Warden Richard Brown. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Any claim against Warden Brown **is dismissed for failure to state a claim upon which relief can be granted.**

The Court takes judicial notice that Corizon has not had the contract to provide medical care to inmates in Indiana since April 1, 2017. That is when Wexford took over the contract. Any complaint against Corizon would have to have been filed no later than April 1, 2019, to be timely. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (applying Indiana's two-year statute of limitations for personal injury actions to section 1983 claims). This action was filed on January 17, 2020, several months too late. Accordingly, the claim against Corizon is untimely and **dismissed for failure to state a claim upon which relief can be granted.** *See Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (at screening the district court may invoke an

affirmative defense, such as the statute of limitations, if it is clear from the complaint that the defense applies.

Mr. Garcia raises unspecified claims against Kim Hobson, Health Service Administrator, and Regina Robinson, Director of Nursing, based on their responses to his grievances. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (internal citations omitted). Therefore, any claim against Kim Hobson or Regina Robinson is **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Garcia names defendants regional medical directors Carl Kuenzli and Mandip Kaur Bartels in his complaint but only generally alleges that an unnamed Corizon regional medical director failed to prescribe certain medication to him and failed to send offenders to receive outside specialized testing. Dkt. 1 at 5. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mr. Garcia has not alleged any individual liability in his claims against these defendants. Therefore, any claim against Carl Kuenzli and Mandip Kaur Bartels is **dismissed for failure to state a claim upon which relief can be granted**.

Mr. Garcia names John Doe, Vice President Corizon/Wexford Medical/Health Inc. as a defendant that "either expressly or impliedly permitted, authorized, ratified, or knowingly acquiesced in such policy and practice" of not allowing inmates to receive outside diagnostic testing due to cost saving reasons. Dkt. 1 at 7. Bringing suit against unnamed defendants in federal court is generally disfavored by the Seventh Circuit. Indeed, "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If Mr Garcia is able to identify John Doe through discovery, he may amend his complaint and reassert his claims against him. As such, any claim against "John Doe" is **dismissed for failure to state a claim upon which relief can be granted.**

**2. Claims that Shall Proceed**

Mr. Garcia's Eighth Amendment claim against Dr. Samuel Byrd **shall proceed**.

Mr. Garcia alleges that he was seen by Nurse Bobbie Riggs regarding the medical issues raised in his complaint and that Riggs only gave him back exercises to do and "told [him] he could not see the doctor." Dkt. 1 at 8. Mr. Garcia's Eighth Amendment claim against Nurse Bobbie Riggs **shall proceed.**

Mr. Garcia raises policy claims against Wexford Health Sources, Inc. The Court understands that defendant Wexford Health Sources, Inc., should properly be reflected on the docket as Wexford of Indiana, LLC. Mr. Garcia's policy claims against Wexford of Indiana, LLC, **shall proceed.**

**IV. Issuance of Process**

**The clerk is directed** to issue process to defendants (1) Dr. Samuel Byrd, (2) Nurse Bobbie

Riggs, and (3) Wexford of Indiana, LLC, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk is directed** to serve Wexford of Indiana, LLC, electronically.

Defendants Dr. Samuel Byrd and Nurse Bobbie Riggs are identified as employees of Wexford of Indiana, LLC. A copy of this Entry **shall be served on Wexford electronically**. **Wexford is ORDERED** to provide the full name and last known address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

## V. Conclusion and Further Proceedings

This action will proceed with Mr. Garcia's Eighth Amendment Claims against Dr. Samuel Byrd and Nurse Bobbie Riggs and his policy claims against Wexford of Indiana, LLC. **All other claims are dismissed**. The **clerk is directed** to update the docket to reflect that all other defendants have been terminated. The **clerk is directed** to update the docket to properly reflect defendant Wexford of Indiana, LLC.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Garcia believes he asserted claims not discussed in Part III, he shall have **through May 8, 2020**, to notify the Court.

The **clerk is directed** to issue process to the defendants according to Part IV above.

**IT IS SO ORDERED.**

Date: 4/10/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GENARO GARCIA
127225
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to Wexford of Indiana, LLC

Copies by US mail to individual medical care providers:

Dr. Samuel Byrd
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838

Nurse Bobbie Riggs
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
Carlisle, IN 47838